UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00123-GNS

COM-SERV, LLC     PLAINTIFF

v.

ICE INDUSTRIES, INC. et al.     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Transfer pursuant to 28 U.S.C. § 1404(a) (DN 9). For the following reasons, the motion is **GRANTED**.

### I.     BACKGROUND

This action involves a dispute concerning various purchase order agreements between Com-Serv, LLC, ("Plaintiff") and ICE Industries, Inc. ("ICE Industries"), Grenada Stamping and Assembly, Inc. d/b/a ICE Industries Grenada ("ICE Grenada"), Deerfield Manufacturing, Inc. d/b/a ICE Industries Deerfield ("ICE Deerfield"), Ronfeldt Manufacturing, LLC d/b/a ICE Industries Ronfeldt ("ICE Ronfeldt"), and ICE Industries Mexico, LLC ("ICE Mexico") (collectively, "Defendants"). (Notice Removal Ex. A, ¶¶ 10-16, DN 1-2 [hereinafter Compl.]). Plaintiff is a Kentucky citizen. (Notice Removal ¶ 7, DN 1). ICE Industries and ICE Deerfield are Ohio corporations with principal offices in the state of Ohio. (Notice Removal ¶¶ 9; 11). ICE Grenada is an Ohio corporation with its principal offices in the state of Mississippi. (Notice Removal ¶ 10). ICE Ronfeldt and ICE Mexico are both limited liability companies with ICE Industries being their sole member. (Notice Removal ¶¶ 13-14).

Plaintiff is in the business of selling automotive parts, which it purchases wholesale from manufacturers in China and Taiwan. (Compl. ¶ 1). It is Plaintiff's belief that Defendants are each involved in supplying automotive and other parts to end-users. (Compl. ¶ 10). Between 2015 and 2017, Defendants submitted purchase orders to Plaintiff requesting various automotive parts. (Compl. ¶¶ 10-13). Defendants subsequently canceled certain purchase orders and refused to take receipt of and/or pay for certain requested parts. (Compl. ¶¶ 10, 13). Additionally, Plaintiff claims that Defendants attempted to use Plaintiff's name and reputation to bypass them and conduct business directly with their manufactures, which resulted in Defendants unlawfully taking advantage of its relationship with Plaintiff. (Compl. ¶¶ 14-16).

All of the disputed purchase orders submitted to Plaintiff by Defendants essentially contain identical language referencing Defendants' terms and conditions. (Defs.' Mot. Transfer Venue 3, DN 9 [hereinafter Defs.' Mot.]). The language within the purchase orders provides a web address to access Defendants' terms and conditions and states that a copy of the terms and conditions will be provided upon request. (Defs.' Mot. 3). Defendants', however, updated their website with a new navigation structure in March 2016 resulting in a slight change in the web address provided for subsequent purchase orders. (Defs.' Mot. 3). Other than the change in the web address provided within the purchase orders, the language referencing Defendants' terms and agreements remained the same. (Heller Decl. ¶¶ 5-7, DN 12-1). The contested term and condition is the purchase order's forum-selection clause which provides:

> Applicable law. This Agreement shall be construed and enforced in accordance with the laws of the State of Ohio without regard to its principles of conflicts of law. ***Each party hereto irrevocably and unconditionally consents to the exclusive venue in any state or federal court located in the city of Toledo, Ohio (the "Ohio Courts")*** for any litigation arising out of relating to this Agreement and the transactions contemplated hereby, and each party hereby waives any objection to the laying of venue of any such litigation in the Ohio courts and

agrees not to plead any claim in any Ohio Court that such litigation brought therein has been brought in an inconvenient forum.

(Williams Decl. Ex. C, at 3, DN 9-1 (emphasis added)).

Plaintiff filed this action on January 9, 2018, in Jefferson Circuit Court. In the Complaint, Plaintiff asserted seven claims against the Defendants including: (1) breach of contract; (2) intentional interference with a contractual relationship and/or prospective business advantage; (3) unfair competition/trade practices; (4) conversion; (5) unjust enrichment; (6) intentional misrepresentation; and (7) negligent misrepresentation. (Compl. ¶¶ 17-36). Defendants timely removed the action to this Court on February 28, 2018. (Notice Removal).

Defendants seek to transfer the case to the United States District Court for the Northern District of Ohio at Toledo pursuant to 28 U.S.C. § 1404(a). Defendants contend the case should be transferred pursuant to the forum-selection clause provided in the terms and conditions referenced in the disputed purchase orders. (Defs.' Mot. 5-7).

## II. STANDARD OF REVIEW

A motion to transfer pursuant to a contractual forum-selection clause is properly viewed as a motion to transfer venue under 28 U.S.C. § 1404(a). *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 52 (2013). Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The district court must first determine if the forum-selection clause is valid and enforceable by considering: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong v. PartyGaming Ltd.*, 589 F.3d

821, 828 (6th Cir. 2009) (citing *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999)). "The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Id.* (citing *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995)). If the clause is found to be enforceable, it is the duty of the court to transfer the case unless "extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine*, 571 U.S. at 52.

## III. DISCUSSION

### A. Transfer of the Action to the Northern District of Ohio

Plaintiff argues that the forum-selection clause should not be enforced because Defendants' terms and conditions were incorporated by reference and not explicitly provided within the body of the purchase orders. (Pl.'s Resp. Mot. Transfer Venue 5, DN 10 [hereinafter Pl.'s Resp.]). Additionally, Plaintiff asserts that only two of the nine purchase orders provide a link that currently works to access Defendants' terms and conditions. (Pl.'s Resp. 4). Furthermore, Plaintiff contends that six of the seven claims against Defendants do not arise out of the purchase orders. (Pl.'s Resp. 10).

#### 1. *Enforceability of the forum-selection clause*

"Whether a forum selection clause can be enforced is a matter of federal procedure and thereby decided under federal law." *Williams v. CIGNA Corp.*, No. 5:10-CV-00155, 2010 U.S. Dist. LEXIS 131686, at *3 (W.D. Ky. Dec. 13, 2010) (citing *Wong*, 589 F.3d at 827). Federal law favors forum-selection clauses absent a strong showing that the provision should be set aside. *Aldridge Elec., Inc. v. Am. Mun. Power, Inc.*, No. 5:16-CV-00163-GNS-LLK, 2017 U.S. Dist. LEXIS 35925, at *5 (W.D. Ky. Mar. 14, 2017) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). "The party opposing the forum-selection clause bears the burden of

showing that the clause should not be enforced." *Wong* 589 F.3d at 828 (citation omitted). "[F]orum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *S. Star Cent. Gas Pipeline, Inc. v. Edgen Murray Corp.*, No. 4:15-cv-00145-JHM, 2016 U.S. Dist. LEXIS 125565, at *6 (W.D. Ky. Sept. 15, 2016) (citation omitted).

Plaintiff argues that the forum-selection clause at issue was not reasonably communicated and thus should not be incorporated into the terms of the disputed purchase orders. Plaintiff supports their argument by citing the four-part test articulated in *Martinez v. Bloomberg LPI,* 740 F.3d 211, 217 (2d Cir. 2014), for determining whether a forum selection clause is enforceable. Plaintiff, however, totally disregards the Sixth Circuit's opinion in *Wong* which is binding upon this Court. *Wong*, 589 F.3d 821. Plaintiff makes no argument that Defendants' forum-selection clause fails to meet the three enumerated factors articulated in *Wong*.

Plaintiff's argument that Defendants' terms and conditions were not reasonably communicated is unpersuasive. Plaintiff argues that Defendants did not reasonably communicate the forum-selection clause because the terms and conditions from the web page is not accessible through the web address provided in seven of the nine purchase orders. (Pl.'s Resp. 7). However, five of the seven purchase orders containing the old link were submitted prior to Defendants updating the navigation structure of the website in March 2016, and the other two were submitted less than a year after the update. (Williams Decl. Ex. B, at 19-67, DN 9-1). Furthermore, following the website update, the website developer provided a temporary "redirect" from the old terms and conditions web page location to the new location. (Heller Decl. ¶ 8, DN 12-1). Plaintiff provides no evidence that they were unable to access Defendants' terms and conditions at the time the purchase orders were submitted.

While Plaintiff argues that Defendants failed to reasonably communicate the purchase order forum-selection clause because seven of the nine purchase orders provided the outdated web address, Plaintiff ignores that all of the purchase orders contain the same language explicitly stating that Defendants' terms and conditions are available upon request. (Defs.' Reply Supp. Mot. Transfer Venue 6-7, DN 12). In *Southern Star Central Gas Pipeline, Inc. v. Edgen Murray Corp.*, 2016 U.S. Dist. LEXIS 125565, this Court discussed terms and conditions incorporated by reference. The Court quoted the Sixth Circuit that "a contracting party has an affirmative duty to familiarize itself with the terms and conditions contained in other documents incorporated by reference." *S. Star Cent. Gas Pipeline*, 2016 U.S. Dist. LEXIS, at *7-8 (quoting *Gleen Hunter & Assocs. v. Union Pac. R.R. Co.*, 135 F. App'x 849, 855 (6th Cir. 2005)). Additionally, this Court noted that "incorporation by reference is proper when the underlying contract makes clear reference to a separate document, the identity of the separate document may be ascertained, and incorporation of the document will not result in surprise or hardship. *Id.* at *8 (internal citation omitted.). When a party has notice that other terms and conditions apply, that party bears the risk of not investigating those terms and conditions by requesting a copy of them. *Id.* at *9-10.

The Court holds that applying the facts of the case to the factors set forth in *Wong*, the forum-selection clause in Defendants' purchase orders is valid and enforceable. Plaintiff's argument rests solely on the assertion that Defendants' terms and conditions were not reasonably communicated. Plaintiff, however, has not argued that the forum-selection clause was obtained by fraud, duress, or unconscionable means; that the Northern District of Ohio would ineffectively or unfairly handle the current suit; or that the court in Ohio would be so "seriously inconvenient" that requiring Plaintiff to bring suit there would be unjust. *Wong*, 859 F. 3d at 828

(discussing the relevant factors for assessing the reasonableness of a forum-selection clause) (citing *Sec. Watch, Inc.*, 176 F.3d at 375). In the absence of any such contentions, the Court holds that the forum-selection clause at issue is enforceable.

### 2. *Appropriateness of Transfer*

Finding that the forum-selection clause at issue is enforceable, this Court must next consider whether transferring this matter to the U.S. District Court for the Northern District of Ohio is appropriate under 28 U.S.C. § 1404(a). The Supreme Court recently addressed the issue of transferability pursuant to a forum-selection clause. *See Atl. Marine Constr. Co.*, 571 U.S. at 62. When a contract contains a valid forum-selection clause, transfer will be denied "[only] under extraordinary circumstances unrelated to the convenience of the parties." *Id*. The party opposing the transfer pursuant to the forum-selection clause bears the burden of establishing that extraordinary circumstances exist and transfer is unwarranted. *Id*. at 63.

Upon finding a forum-selection clause to be valid and enforceable, the Court must adjust its usual Section 1404(a) analysis in three important ways. *Id*. "First, the plaintiff's choice of forum merits no weight." *Id*. "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id*. at 64. "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id* (citations omitted).

Following the guidance of *Atlantic Marine*, when ruling on a motion to transfer under § 1404(a) pursuant to a forum selection clause, the Court must "weigh the relevant public interest factors." The relevant public-interest factors "may include 'the administrative difficulties

7

flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trials of a diversity case in a forum that is at home with the law." *Southwinds Constr., Inc. v. John J. Kirlin Special Projects, LLC*, No. 5:16-CV-00139-TBR, 2016 U.S. Dist. LEXIS 165653, at *11 (quoting *Atl. Marine*, 571 U.S. at 62 n.6). "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clause should control except in unusual cases." *Atl. Marine*, 571 U.S. at 64.

Plaintiff does not address the public interest factors in its argument against transfer. Instead, Plaintiff's argument focuses on private interest factors such as choice of forum and convenience of witnesses. (Pl.'s Resp. 8). The Court, however, in "evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interest." *Atl. Marine*, 571 U.S. at 64.

The first factor, judicial economy, does not particularly weigh in favor of either party. The median time from filing to disposition in a civil case is about one month shorter in the Western District of Kentucky than in the Northern District of Ohio, but this difference is not significant.[1] *See* Administrative Office of the U.S. Courts, *U.S. District Courts-Combined Civil and Criminal Federal Court Management Statistics* (March 31, 2018), http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2018/03/31-1. Next, because performance under the purchase orders was due outside this District, the Western District of Kentucky has no greater local interest in adjudicating this dispute than does the Northern District of Ohio. Finally, the purchase order terms and conditions stipulate that the purchase orders "shall be construed and enforced in accordance with the laws of the State of

---

[1] Defendants filed their motion to transfer prior to the Administrative Office of the U.S. Courts releasing the March 31, 2018, management statistics. Defendants' motion relied on the December 31, 2017, statistics which stated that the median time from filing to disposition of civil cases was 23.4 months for the Western District of Kentucky and 9.6 months for the Northern District of Ohio. (Defs.' Mot. 9).

Ohio . . . ." Although this Court is undoubtedly capable of interpreting and applying Ohio law, the Northern District of Ohio does have a greater interest in a case that will be decided based upon Ohio law. Thus, the relevant public interest factors weigh in favor of granting Defendants' Section 1404(a) motion to transfer venue.

Additionally, Plaintiff argues that even if the forum-selection clause were valid and enforceable, it would not apply to all of the claims brought by Plaintiff against Defendant. (Pl.'s Resp. 10). Plaintiff asserts that only the breach of contract claim would fall within the scope of the forum-selection clause, but such a narrow interpretation of the clause is mistaken. The language contained in the forum-selection clause is broad and provides that the clause applies to "any litigation arising out of or relating to this Agreement and the transactions contemplated hereby[.]" (Defs.' Mot. 11). When determining the scope of forum-selection clauses this Court has stated, "[t]he Sixth Circuit, along with many other courts, interpret forum selection clauses with 'related to' language as covering tort or consumer protection claims 'related to' the contract's purpose." *Lorenzana v. 2nd Story Software, Inc.*, No. 4:12-CV-00021-JHM, 2012 U.S. Dist. LEXIS 95119, at *16 (W.D. Ky. July 10, 2012) (citations omitted). Without the purchase orders, there would be no relationship between Plaintiff and Defendants and therefore none of Plaintiff's additional claims would exist. Thus, Plaintiff's breach of contract claims as well as its six additional claims arise out of and relate to the purchase orders.

Plaintiff has failed to demonstrate that there are any extraordinary circumstances that disfavor transferring this action. *Atl. Maine*, 571 U.S. at 62. Therefore, the Court will honor Defendants' forum-selection clause.

### IV. CONCLUSION

For the forgoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion to Transfer Venue (DN9) is **GRANTED**; and

2. **IT IS FURTHER ORDERED** that this case shall be **TRANSFERRED** to the United States District Court for the Northern District of Ohio. The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
July 23, 2018

cc: counsel of record